KANE, J.
While I concur with the views expressed and the result reached by my colleagues, I feel compelled to voice my concern for the *289 impending, and in my opinion wholly unwarranted, application of procedural requirements á la Boykin v. Alabama, 395 U.S. 238 [23 L.Ed.2d 274, 89 S.Ct. 1709], and In re Tahl, 1 Cal.3d 122, 135 [81 Cal.Rptr. 577, 460 P.2d 449], to conservatorship proceedings under the Lanterman-Petris-Short Act (hereafter LPS).
As noted in the main opinion (ante, p. 286, fn. 14), under Probate Code section 1754.1, effective July 1, 1977, the court will be required to conduct a “voir dire” examination of the proposed conservatee, including an explanation “as to the nature and purpose of the proceeding, that the appointment of a conservator for his person and estate or person or estate is a legal adjudication of his inability properly to provide for his personal needs or 'manage his own financial resources or of his incompetency, the effect of such an adjudication on his basic rights, the identity of the person who has been nominated as his conservator, that he has right to oppose such proceeding, to have the matter tried by jury, and to be represented by legal counsel if he chooses. After communicating such information to the person and prior to the appointment of his conservator, the court shall consult the person to determine his opinion concerning the appointment.'’'’ (Italics added.)
It seems to me that no one has considered the fact that in a great number of these cases, the proposed conservatee is totally incapable of understanding anything at all, let alone an explanation of complicated legal rights, duties, and consequences. Certainly a valid waiver of one’s LPS rights cannot be obtained from a person who is so gravely disabled as to be unable to understand what the court is saying. What does the court do in such a case? The statute is silent; consequently, it would appear that in such a case the court’s only alternative will be to deny the petition, thereby leaving the proposed conservatee unprotected and uncared for.
It seems to me that in this area of the law, a person’s rights can be more effectively protected by representation of counsel who should be empowered to either assert or waive the proposed conservatee’s due process rights. To that end the Legislature, in my Opinion, should quickly reconsider and repeal Probate Code section 1754.1 before it yields the harvest of mischievous results which are sure to follow.
A petition for a rehearing was denied July 29, 1977, and appellant’s petition for a hearing by the Supreme Court was denied August 25, 1977.